

# The Attorney General of Texas

September 19, 1983

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
J/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Curtis Tunnell
Executive Director
Texas Historical Commission
P. O. Box 12276
Austin, Texas    78711

Opinion No.  JM-71

Re:  Handling of funds acquired
by county historical commission
through   donations   or   fund
raising activities

Dear Mr. Tunnell:

You have requested our opinion concerning the disposition of funds and property which have been raised by or donated to a county historical commission.  You have asked the following questions:

1.  Must donated funds be deposited with the county treasurer?

2.  Must the county commissioners court approve both the acceptance and subsequent disposition of donated real estate?

3.  Whether the county historical commission may maintain a separate bank account for money collected from fund raising events and whether the commission is required to report to the county treasurer of the use of such funds.

4.  Whether any interest earned on county historical commission funds, whether donated or earned,  must  be  deposited  with  the  county treasurer.

It is our opinion that a county historical commission acts as an agent of the county and all of its property and funds are county funds, including interest, which must be deposited with the county treasurer.  Furthermore, the county commissioners court has exclusive authority to approve the acceptance of real property donated to the county historical commission and of its subsequent disposition.

A county commissioners court may, if it so desires, create and appoint the members of a county historical commission for the purpose of implementing such programs of a local historical nature as may be

"suggested" by the commissioners court and the Texas Historical Commission.  V.T.C.S.  art.  6145.1(a).  The county historical commission is required to meet at least annually and must prepare an annual report reflecting its activities and recommendations to the commissioners court.  Id. at (b).  The commission is required to "determine the existence of historical buildings and other historical sites, private collections of historical memorabilia, or other historical features within the county, and shall report the data collected to the Commissioners Court."  Id. at (c).

Article 6081e, section 1, V.T.C.S., provides that

> [a]ny county . . . may acquire by gift, devise, or purchase or by condemnation proceedings, lands and buildings, to be used for . . . historical museums, or lands upon which are located historic buildings, sites, or landmarks of state-wide historical significance . . . or any other archaeological, paleontological, or historical buildings, markers, monuments, or other historical features . . . .

A county historical commission is authorized only to make recommendations to the commissioners court concerning the acquisition of real and personal property of historical significance.  V.T.C.S. art. 6145.1(e).  Since article 6081e, quoted above, permits a county to acquire donated historical properties and since a county acts only through its commissioners court, it is our opinion that real property donated to a county historical commission must be accepted by the commissioners court before such donation takes effect.  It follows that the commissioners court must approve the sale or other disposition of such real property.  See V.T.C.S. art. 1577 (sale or lease of county real estate).

Any funds, earned or donated, including interest, which come into the possession of employees or agents of a county historical commissioner must be deposited with the county treasurer.

Article 1709, V.T.C.S., provides that

> [t]he County Treasurer, as chief custodian of county finance, shall receive all moneys belonging to the county from whatever source they may be derived; keep and account for the same in a designated depository or depositories.

See also V.T.C.S. art. 1709a (manner of making deposits with county treasurer).  Therefore, the county historical commission is not authorized to maintain its own bank account for money received from

fund raising events but must deposit the same with the county treasurer. Any interest earned on such funds follows the principal and must be used and managed in the same manner required for the principal. See Sellers v. Harris County, 483 S.W.2d 242 (Tex. 1972).

## S U M M A R Y

The acquisition and control of the property and finances of a county historical commission is an authority to be exercised by the county commissioners court. Donated property must be approved by the commissioners court and any funds realized by the commission must be deposited with the county treasurer.

Very truly yours

JIM   MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by David Brooks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
David Brooks
Colin Carl
Jim Moellinger
Nancy Sutton
Bruce Youngblood